HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEREMY ALEXANDER CARSON <br><br> Defendant. | Case No. CR06-5059RBL <br> C08-5304RBL <br><br> ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. §2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On April 12, 2007, after a three day jury trial, the defendant was convicted of being a felon in possession of a firearm (Count One), possession of over 50 grams of methamphetamine with intent to distribute (Count Two), and possession of a firearm in furtherance of a drug trafficking offense (Count Three). At sentencing on July 2, 2007 the Court determined that the defendant qualified as a career offender and sentenced the defendant to 360 months in custody. The defendant timely appealed and on appeal he argued that this Court erred in allowing DEA Special Agent Kevin Wetteland to testify after the agent's late disclosure as an expert and erred in determining that the defendant qualified as a career offender. In a published opinion the Ninth Circuit affirmed the defendant's conviction and sentence.

1 *United States v. Carson*, 486 F.3d 618 (9th Cir. 2007).

In this timely filed motion under 28 U.S.C. §2255, the defendant alleges that his trial counsel rendered ineffective assistance when she did not call Megan Bennett as a witness on his behalf and when she failed to allow him to testify.

## II. DISCUSSION

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient", and (2) counsel's "deficient performance prejudiced the defense." *Id.*, at 687. To show that counsel's performance was deficient, defendant must show that "counsel's representation fell below an objective standard of reasonableness", *id.*, at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*, *quoting Michel v. Louisiana*, 350 U.S. 91, 101 (1955). To demonstrate prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome[]" of the trial. *Id.*

**A.      The Failure to Call Megan Bennett as a Defense Witness.**

The defendant alleges that his counsel should have called Megan Bennett as a defense witness to corroborate the testimony of Yolanda Lewis, the mother of two of defendant's children. He argues that Ms. Bennett's testimony that Shalmar Golphenee (the passenger in the car the night of April 5, 2005 and a government witness) called her the evening of April 5, 2005 and asked her to accompany Ms. Golphenee, her boyfriend T.C., and the defendant to a party would corroborate Ms. Lewis' testimony that Ms. Golphenee, T.C., and the defendant all left Ms. Lewis' home together that evening. He claims that this testimony about how many people were in the car is somehow "crucial" to explain how his fingerprint ended up on the scale found with the drugs and the weapons in the black bag recovered from the car. She

would also have testified generally about Ms. Golphenee's drug use and specifically about a conversation she overheard between Ms. Golphenee, T.C., and the defendant discussing the drugs and weapons found in the car. In that conversation, which is eerily similar to a separate conversation testified to by defendant's sister, Lydia Carson, Ms. Bennett overheard T.C. tell the defendant that he would "handle it" when defendant asked if Ms. Golphenee or T.C. would take responsibility for the drugs and weapons found in the car.

Ms. Lewis testified that on the night in question the defendant called T.C. and asked to buy some marijuana from him. Shortly thereafter T.C. and Ms. Golphenee arrived at Ms. Lewis' home with the marijuana. Apparently because T.C. had a reputation for delivering a smaller amount of marijuana than promised, the defendant questioned T.C. about the weight of the marijuana. When questioned, T.C. allegedly tossed a small scale to the defendant, the defendant used the scale to weigh the marijuana and returned the scale to T.C.

Although the Ninth Circuit has held that "[a] lawyer who fails adequately to investigate, and to introduce into evidence [information] that demonstrate[s] his client's factual innocence, or that raise[s] sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance[]" *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir. 1999), the defendant has failed to meet his burden in this case to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S., at 689 (internal quotations omitted). Here, defense counsel or her investigator interviewed Ms. Bennett prior to trial. Attached to defendant's motion are the notes of that interview. Nowhere in the notes is it mentioned that Ms. Bennett ever saw T.C. with a scale, or ever saw the defendant handle a scale, whether it belonged to T.C. or someone else. And, in his motion the defendant does not specifically allege that Ms. Bennett has any evidence or would provide any testimony as to how his fingerprints actually, or even possibly, got on the scale. With regards to her testimony on the number of people in the car earlier in the evening, this evidence is not relevant given the uncontradicted testimony of Trooper Moss that when he stopped the car, only Ms. Golphenee and a man later identified as the defendant were in the vehicle. The rest of Ms. Bennett's proffered testimony would have been cumulative at best. At worst, her testimony about the discussion between the defendant, Ms. Golphenee, and T.C. as to who was going to take responsibility for the drugs and weapons

sounded so similar to Lydia Carson's testimony as to appear fabricated thus further undermining either's credibility.

Given the nature of Ms. Bennett's testimony and the fact that she was subject to impeachment by her prior felony conviction for theft, counsel's decision to not call her was sound trial strategy. Counsel's performance was not deficient.

**B.     The Failure to Allow the Defendant to Testify.**

The defendant alleges that his counsel prevented him from testifying in his own defense. The record reflects that the Court advised the defendant in open court that he had a right to testify in his own defense. The record further reflects that a brief recess was taken shortly before the defense rested. It is logical to assume that the issue of defendant testifying was discussed between the defendant and counsel at that break. In his motion, the defendant indicates he told counsel during the trial he wished to testify; however, nothing in the record indicates that the defendant objected at the time the decision to not have him testify was made. Nothing in the record suggests that his counsel prevented him from testifying.

"The right to testify is a constitutional right of fundamental dimensions." *United States v. Martinez*, 883 F.2d 750, 756 (9th Cir. 1989), *vacated on other grounds*, 928 F.2d 1470 (9th Cir. 1991). It is a personal right that can only be relinquished by the defendant. *Id*. However, the waiver of the right can be inferred from the defendant's conduct. *Id*., at 760. Because the defendant did not object at the time the defense rested, this Court may infer, and does so find, that he concurred in the decision to not take the stand and testify in his own defense. To rule otherwise would allow the defendant to "indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was overcome." *United States v. Bernloehr*, 833 F.2d 749, 752 (8th Cir. 1987). This result would not be fair to the government. *Martinez*, 883 F.2d at 761.

Given the facts of the case as they were presented to the jury and given that defendant's testimony would have been a general denial, counsel's advice that the defendant not testify was sound trial strategy. Her performance was not deficient.

## III. CONCLUSION

Defendant's Motion pursuant to 28 U.S.C. §2255 is **DENIED**. For the foregoing reasons as stated in this Order, the Court declines to issue a Certificate of Appealability because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 7th day of November. 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE